IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-02650-MSK-CBS

MARY V. CEBALLES,

      Plaintiff,

v.

WESTERN FORGE CORPORATION, a Delaware corporation,

      Defendants.

_____

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion for
Summary Judgment **(# 31)**, and the Plaintiff's response[1] **(# 36)**.

## FACTS

The following facts are either undisputed or derived from the affidavit of the Plaintiff
attached to her summary judgment response.

The Plaintiff began her employment at Defendant Western Forge Corp. ("Western") in
1979 as an assembler.  In 1985, she was promoted to the position of Line Lead, the highest non-
supervisory position in the department.  At some point, Western reduced the number of Line Lead
positions from six to two, and the Plaintiff and Betty Barnett were the two remaining Line Leads.

_____

[1]The Defendant moves to strike **(# 37)** the Plaintiff's response as untimely, among other
things.  The Plaintiff filed a response **(# 44)** in opposition to the Motion to Strike.  Based on the
Court's disposition of the summary judgment motion on the merits, the Motion to Strike is denied
as moot.

In 1997, the Plaintiff came under the supervision of Alvie Harris.  According to the affidavit submitted by the Plaintiff in response to Western's motion, Harris was "rude and condescending" to her, and refused to listen to concerns she raised regarding problems on the assembly line.  She states that Harris would not assist her in moving loads of materials around the plant, and that he would not assist her in repairing machines, even though he had expertise in that area.  She contends that her suggestions to Harris would be met with "inappropriate comments to me, including comments about my age and my being 'old'."  The affidavit recites one such instance,[2] in which Harris responded to the Plaintiff's suggestion by saying "Just because you are old, Mary, doesn't mean you know everything."

The Plaintiff also contends in her affidavit that Harris discriminated against Hispanic employees, including herself.  She contends that, several months after Harris was appointed supervisor of the department, all of the Hispanic employees were "segregated to one line," namely, the line for which she was Line Lead.  The Plaintiff's affidavit states that she was told by an unidentified co-worker that Harris "did not like Mexicans."  She claims that she observed "many instances" where Harris would treat Hispanic employees badly, and that non-Hispanic employees did not receive such treatment, but her affidavit does not describe any specific examples of such treatment.  The Plaintiff also alleges that Harris "made comments about the fact that he would get rid of Hispanic employees if they had any complaints."  Western's motion, on

---

[2]Western's motion alleges that, in her deposition, the Plaintiff could only identify two allegedly age-based comments by Harris – the "just because you're old" comment cited previously, and an incident in which Harris made some unclear comment towards the Plaintiff containing the words "These old something old – you have old something."  The Plaintiff does not directly refute Western's assertion that these are the only age-based comments the Plaintiff identified.

the other hand, contends that at the Plaintiff's deposition, when asked what her basis was for believing that Harris was motivated by her national origin, the Plaintiff cited to a single statement that she had been told by a co-worker that Harris did not like Mexicans.

It is undisputed that, throughout the period in which Harris supervised the Plaintiff, Harris' written performance evaluations of the Plaintiff consistently rated her as exceeding expectations. The Plaintiff's affidavit admits that Harris "gave me excellent ratings," but alleges that "he would make verbal remarks during the review meeting which were rude and insulting about my work." The Plaintiff contends that Harris "gave me an evaluation that contained untrue statements." This appears to be a reference to the Plaintiff's final written evaluation on May 15, 2003. Once again, Harris rated her as exceeding expectations, awarding her a total of 4.625 points out of a possible 5. In the narrative section of the evaluation, Harris responded to the question "How does the employee work with everyone?" by writing "Good usually, but has had conflicts with a few over the past few months."[3] The evaluation form indicates that the Plaintiff refused to sign it.

The Plaintiff contends that she repeatedly reported her problems with Harris to a manager, but that nothing was resolved. By letter dated May 16, 2003, alleging that "working conditions had become . . . intolerable," the Plaintiff "resign[ed] my position effective immediately."[4]

---

[3]Although the matter is by no means clear, the Court assumes that this is the "untrue statement" referred to by the Plaintiff's affidavit, as the remainder of the evaluation is uniformly positive. How the statement that the Plaintiff "has had conflicts" with co-workers is "untrue" is a bit of a mystery, as the Plaintiff's own affidavit states, in the preceding paragraph that "I began to be treated rudely by other employees concerning my work responsibilities."

[4]The letter appears to indicate that the Plaintiff was resigning her Line Lead position and intended to "resume packer duties," but by all appearances, she is no longer employed by Western in any capacity.

The Plaintiff commenced this action, asserting three claims: (i) a claim for "discrimination, disparate treatment, and hostile work environment" based on the Plaintiff's Hispanic national origin, apparently under Title VII, 42 U.S.C. § 2000e *et seq.*; (ii) a claim for "discrimination, disparate treatment, [and] hostile work environment" based on her age, apparently under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 629; and (iii) a claim for retaliation under an unspecified statute.

Western seeks summary judgment on all three claims, arguing: (i) to the extent that the age and national origin claims assert disparate treatment, the Plaintiff cannot show an adverse employment action, and cannot show that similarly-situated younger and non-Hispanic employees were treated more favorably; (ii) to the extent that the age and national origin claims assert a hostile work environment, the Plaintiff cannot show that she was subjected to actionable harassment, that any such harassment was based on her age or national origin, or that any such harassment affected a term or condition of her employment; (iii) on the retaliation claim, that the Plaintiff cannot show that she engaged in protected activity under Title VII or the ADEA, or that she was subjected to an adverse employment action; and (iv) to the extent that the Plaintiff's hostile environment claim(s) survive, that Western is entitled to judgment on its defense that it exercised reasonable care to correct unlawful harassment.

The Plaintiff's response **(# 36)** to Western's motion warrants comment.  On page 2 of the response, the Plaintiff states that she "does not generally dispute the facts set forth" in Western's motion, except in two specific respects: she states that an allegation by Western that she "liked"

Harris was taken out of context[5]; and that Western's assertion that the Plaintiff believed Harris

liked her was misleading, as she believed that Harris liked her work performance, but disliked her

personally.  The next portion of the Plaintiff's response is titled, somewhat confusingly,

"Plaintiff's Statement of Facts That May Either Be Disputed or Undisputed."  That section

contains 22 factual assertions, taken essentially verbatim from an attached affidavit by the

Plaintiff.  The remainder of the brief consists of legal argument, but only the first subsection,

entitled "There is Ample Evidence to Demonstrate And (sic) Adverse Employment Action" cites

to caselaw.[6]

## ANALYSIS

### A.  Standard of review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if

no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

Summary adjudication is authorized when there is no genuine dispute as to any material fact and a

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56©.  Substantive law determines

what facts are material and what issues must be determined.  It also specifies the elements that

must be proved for a given claim or defense, sets the standard of proof and identifies the party

---

[5]Actually, the Plaintiff does not dispute that she testified that she "liked" Harris, but merely states that "it was a one-way street" – that is, that Harris did not like her.

[6]Surprisingly, the Plaintiff makes several assertions as to the state of the law without providing supporting citation.  For example, she states that "it is the position of the Plaintiff that [suffering an adverse employment action] is not a necessary element of a discrimination case," but no citation to authority for that proposition is offered.  *Docket* # 36 at 4.  Similarly, she states that "It is submitted that hostility motivated by national origin and age does not always incorporate specific references to those discriminatory factors to create a hostile work environment."  *Id.* at 5.  Again, no authority for this proposition is cited.

5

with the burden of proof.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986);

*Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual

dispute is "genuine" and summary judgment is precluded if the evidence presented in support of

and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter

for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion,

a court views all evidence in the light most favorable to the nonmoving party, thereby favoring the

right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

    If the movant has the burden of proof on a claim or defense, the movant must establish

every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P. 56(e).

Once the moving party has met its burden, to avoid summary judgment the responding party must

present sufficient, competent, contradictory evidence to establish a genuine factual dispute.  *See*

*Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v.*

*Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is no genuine dispute as to any

material fact, no trial is required because the court applies the law to the undisputed facts and

enters judgment.  If there is a genuine dispute as to material fact, a trial is required.

    If the moving party does not have the burden of proof at trial, it must point to an absence

of sufficient evidence to establish the claim or defense that the nonmoving party is obligated to

prove.  If the respondent comes forward with sufficient competent evidence to establish a *prima*

*facie* claim or defense, a trial is required.  If the respondent fails to produce sufficient competent

evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of

law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

    **B.  Discrimination and retaliation claims**

The Plaintiff's age discrimination, national origin discrimination, and retaliation claims all share a common element: the Plaintiff must show that she was subject to an adverse employment action. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1227 (10th Cir. 2000); *Argo v. Blue Cross and Blue Shield of Kansas*, 452 F.3d 1193, 1202 (10th Cir. 2006). A recent decision by the Supreme Court establishes that the standard for establishing an adverse action in a retaliation context is broader than the standard in discrimination cases. *Burlington Northern and Santa Fe R.R. Co. v. White*, 126 S.Ct. 2405, 2414 (2006) ("we conclude that Title VII's substantive provision and its anti-retaliation provision are not coterminous. The scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm").

In the retaliation context, the employee must establish an employment action that a reasonable employee would find <u>materially</u> adverse, such that it would dissuade a reasonable worker from engaging in protected activity. 126 S.Ct. at 2415. Whether a particular employment action is materially adverse is a question to be evaluated objectively, through the eyes of a reasonable employee, taking into account the particular circumstances. *Id.* Actions that are uncivil, petty slights, or minor annoyances are not sufficient. *Id.* In the discrimination context, an adverse employment action is a significant change in employment status, such as firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. *Aquilino v. Univ. of Kansas*, 268 F3d 930, 934 ( 10th Cir. 2001).

Regardless of which standard is applied, the Plaintiff has not come forward with facts to show that she has been subjected to an adverse employment action. The Plaintiff's brief appears to assert four alleged adverse actions: (i) "Harris refused to take steps to resolve workplace issues

7

. . . [t]his created extra work and difficulties for Plaintiff"; (ii) Harris' criticism of the Plaintiff in

her final written evaluation and his verbal criticism of the Plaintiff at other times; (iii) "job

harassment"; and (iv) "constructive discharge." *Docket # 36 at 4.*

On its face, the Plaintiff's summary judgment response is insufficient, as it does not

specifically cite the Court to any supporting evidence.  When the nonmovant bears the burden of

proof at trial, she must respond to a summary judgment motion by identifying specific facts in

affidavits, deposition transcripts, or other exhibits.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664,

671 (10th Cir. 1998); *Lantec Inc. v. Novell Inc.*, 306 F.3d 1003, 1019 (10th Cir. 2002) ("Because

Lantec and Lantec Brazil have not provided record citations, we need not sift through the record

in an attempt to find evidence of the alleged oral contract").  Specificity in the nonmovant's

response is especially important in factually-complex employment discrimination cases.  *Id.* at

672.  Here, the Plaintiff's response does not specifically cite the Court to the location in the

record where it can find evidence of Harris' lack of responsiveness or an increased workload on

the Plaintiff.  *See Docket # 36 at 4.*  Even the recitation of "Facts that May Either Be Disputed or

Undisputed" fails to cite the Court to supporting evidence.  Given the Plaintiff's failure to point to

specific evidence in support of her contentions that an adverse action occurred, the Court grants

summary judgment to Western on the Plaintiff's discrimination and retaliation claims.

Even assuming that the Court were to go beyond the Plaintiff's brief and explore the

uncited-to evidentiary material attached, the Court would still conclude that summary judgment is

warranted.  For all practical purposes, the only significant evidence presented by the Plaintiff in

response to the motion for summary judgment is a three-page affidavit from the Plaintiff herself.

Most of the allegations in the Plaintiff's affidavit are conclusory, offering little or no factual basis

8

for the Plaintiff's assertions.  For example, there are, at best, four paragraphs in that affidavit that

bear on her contention that she suffered an adverse employment action insofar as Harris created

extra work for the Plaintiff by refusing to resolve issues that she raised.  In paragraph 8 of the

affidavit, the Plaintiff merely repeats the conclusion she urges here: "Alvie Harris refused to give

me any help when I needed it, or give credence to any concerns I raised to him regarding

problems on the line.  I was left to deal with issues and problems that should have been handled

by Alvie Harris at the supervisory level." *Docket* # 36, Ex. A.  Paragraph 9 is equally conclusory

as to how Harris' actions affected the Plaintiff: "Because of Alvie Harris' refusal to help, and lack

of support, I would often have to move heavy loads of material within the facility." *Id.*  Such

conclusory assertions are insufficient to prevent summary judgment.  *BancOklahoma Mortgage

Corp. v. Capital Title Co.*, 194 F.3d 1089, 1101 (10th Cir.1999).

    Turning to the specific adverse actions alleged by the Plaintiff, the Court first considers the

claim that Harris created additional work for the Plaintiff by refusing to respond to her concerns.

As stated above, the bulk of the assertions in the Plaintiff's allegations that appear to be relevant

to this claim are entirely conclusory.  The Court can identify only two paragraphs in that affidavit

that are even arguably admissible.  Paragraph 11 states that Harris would not assist the Plaintiff

when machines needed repairing, even though he had the technical knowledge to perform the

repair.  However, the Plaintiff does not contend that Harris' job required him to assist her with

machine repairs.  Nor does this assertion establish that Harris' refusal to help repair machines

somehow forced the Plaintiff to perform additional work.  All the affidavit asserts is that Harris

"refused to assist me when I would request assistance in this area."  This assertion is insufficient

to establish an adverse action for purposes of either a discrimination or retaliation claim.  Finally,

paragraph 18 of the affidavit states that Harris "would make it difficult to comply with departmental requirements by not telling me when ISO meetings were to take place.  These meetings and adherence to rules was a job responsibility of mine."  Although an employer's exclusion of an employee from meetings that are necessary for the employee's advancement could constitute an adverse employment action under *White*, 126 S.Ct. at 2416-17, the Plaintiff's affidavit does not assert that she was excluded from ISO meetings.  Moreover, there is no indication that Harris' failure to inform the Plaintiff of these meetings actually resulted in her missing meetings or suffering any other adverse consequences.  At best then, the Plaintiff has asserted only that Harris would not tell her about the meetings.  Absent additional facts showing that Harris' conduct had material consequences, the Plaintiff has merely described  a minor annoyance or petty slight, not an adverse action.

The second alleged adverse action asserted by the Plaintiff is refers to Harris' criticism of her, both in writing in her final written evaluation and in oral comments.  Once again, these assertions are not supported by competent evidence in the record.  The Plaintiff's affidavit contains only two conclusory statements to this effect: paragraph 19 states that "he would make verbal remarks during the review meeting which were rude and insulting remarks about my work," and paragraph 22 of the affidavit merely states "Alvie Harris gave me an evaluation that contained untrue statements."  Both of these assertions are entirely conclusory, insofar as they fail to set forth the contents of Harris' statement and require the factfinder to simply take the Plaintiff's word for the fact that the statements were rude, insulting, or untrue.  Such conclusory assertions are insufficient to demonstrate an issue of fact sufficient to avoid summary judgment.

The Plaintiff's third alleged adverse action is that she experienced unidentified "job harassment."  The failure of the Plaintiff to cite the Court to evidence indicating what this "harassment" consisted of is sufficient to grant summary judgment to Western insofar as this alleged adverse action is concerned.

The Plaintiff's final assertion is that she was "constructively discharged."  A constructive discharge occurs when the employer creates working conditions that are so intolerable that the employee has no other choice but to quit.  *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1281 (10th Cir. 2005).  Again, the Plaintiff's brief does not specifically identify the particular facts that demonstrate the intolerability of her situation.  Even taking all of the non-conclusory assertions in her affidavit collectively, the Court finds that no reasonable factfinder could conclude that such circumstances amounted to a constructive discharge.

Accordingly, the Plaintiff has failed to establish that there is a genuine issue of fact as to whether she suffered an adverse employment action for purposes of her discrimination and retaliation claims.  Western is entitled to summary judgment on these claims.

### C.  Harassment claims

The Plaintiff asserts claims for hostile environment harassment based on her national origin and age.  To prove a claim of hostile environment harassment, the Plaintiff must establish that her workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment."  *O'Shea v. Yellow Technology Services, Inc.*, 185 F.3d 1093, 1097 (10th Cir. 1999).  Severity and pervasiveness must be viewed from both objective and subjective perspectives, and require the consideration of factors such as the frequency of the discriminatory

11

conduct, whether it is physically threatening or a mere offensive utterance, and whether it unreasonably interferes with the employee's work performance.  *Id.*  Western contends that the Plaintiff cannot establish that she was subjected to severe and pervasive harassment, that the alleged harassment was discriminatory (*i.e.* that it was based on the Plaintiff's age or national origin), or that it affected the terms and conditions of her employment.

Once again, the Plaintiff's response to the motion for summary judgment does not specifically identify the evidence in the record that the Plaintiff contends demonstrates the alleged harassment.  Once again, the Plaintiff relies on an affidavit that is largely conclusory.  For these reasons, summary judgment to Western is appropriate without any additional analysis.

However, if the Court were to consider the few allegations in the Plaintiff's affidavit that state facts rather than conclusions, it would nevertheless find that the Plaintiff has failed to establish a genuine issue as to whether she suffered severe or pervasive harassment, much less harassment that was based on her age or national origin.  Notably, the Plaintiff's affidavit discloses scant conduct that could be deemed to be based on her age or national origin.  The Plaintiff's affidavit identifies a single instance in which Harris commented on her being "old." This single comment hardly constitutes severe or pervasive harassment based on the Plaintiff's age.

The affidavit contains a few allegations that Harris harbored animus against Hispanics, but most of these allegations are inadmissibly conclusory.  For example, the Plaintiff's assertion that Harris treated Hispanic employees badly is a conclusion for which no factual support is offered. The Plaintiff's assertion that she was told by others that Harris did not like Mexicans is also conclusory, not to mention inadmissible hearsay.  The only non-conclusory assertion in the

Plaintiff's affidavit on this point is her claim that Harris would state that he would get rid of Hispanic employees if they had any complaints.  However, the Plaintiff's affidavit asserts that she, a Hispanic, made numerous complaints to and about Harris, yet never suffered an adverse action. Indeed, Harris consistently provided the Plaintiff with glowing evaluations.

Although the Plaintiff asserts – conclusorily – that Harris treated her rudely, nothing in her affidavit offers any facts that would indicate that such rudeness towards her was the result of her national origin.  In her brief, the Plaintiff asserts – unaccompanied by citation – that "hostility motivated by national origin and age does not always incorporate specific reference to those discriminatory factors."  The law permits some conduct not explicitly tied to a protected classification to be actionable, so long as that conduct reasonably relates to the protected classification or arises in a context in which other conduct explicitly connected to the protected classification occurs.  *O'Shea*, 185 F.3d at 1097.  Such circumstances are not present here.  None of the instances in which the Plaintiff contends that Harris was rude to her involve other actions explicitly tied to her national origin, nor is there any apparent connection between Harris' alleged statements of anti-Hispanic animus and his conduct toward the Plaintiff.

Thus, the Court concludes that the Plaintiff has failed to come forward with facts sufficient to show that she experienced severe and pervasive harassment because of her age or national origin.  Western is entitled to summary judgment on her harassment claims.

## CONCLUSION

For the foregoing reasons, Western's Motion for Summary Judgment **(# 31)** is **GRANTED**.  Judgment will enter in favor of Western on all claims in this action.  Western's Motion to Strike the Plaintiff's Response **(# 37)** is **DENIED AS MOOT**.

13

Dated this 17th day of August, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge