IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-02650-MSK-CBS

MARY V. CEBALLES,

    Plaintiff,

v.

WESTERN FORGE CORPORATION, a Delaware corporation,

    Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**
_____

    **THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Reconsideration **(# 50)**, the Defendant's response **(# 51)**, and the Plaintiff's reply **(# 53)**.

    By Order **(# 47)** dated August 17, 2006, this Court granted the Defendant's Motion for Summary Judgment **(# 31)** on the Plaintiff's claims of age and national origin discrimination, harassment, and retaliation. Familiarity with the findings and conclusions contained in that Order is assumed.

    On August 28, 2006, the Plaintiff filed the instant Motion for Reconsideration **(# 50)**. She contends that the Court erred in determining that she had not shown a genuine issue of material fact as to whether she had suffered an adverse employment action, and points the Court to various portions of her affidavit, along with citations to the same cases that were cited in her response **(# 36)** to the Defendant's summary judgment motion. Indeed, the Plaintiff's Motion for Reconsideration repeats, sometimes verbatim, the same arguments raised in the Plaintiff's summary judgment response.

The Plaintiff's motion, filed within 10 days of the Court's August 17, 2006 Order, falls within Fed. R. Civ. P. 59(e). Reconsideration of a prior Order under Rule 59(e) is an appropriate means to review newly-discovered evidence, to correct clear error, or prevent manifest injustice. *Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981). Relief under this theory is reserved for extraordinary circumstances, such as where the Court has obviously misapprehended a party's position on the facts or the law, or the Court has mistakenly decided issues outside of those the parties presented for determination. *See e.g. Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000); *Sithon Maritime Co. v. Holiday Mansion,* 177 F.R.D. 504, 505 (D.Kan.1998). However, it is not a tool to re-raise issues that were or could have been raised in prior briefing. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).

The Plaintiff's Motion for Reconsideration does nothing more than re-assert the same arguments she raised in response to the Defendant's summary judgment motion. She does not assert the existence of any newly-discovered evidence, nor contend that the Court failed to correctly apply binding authority.[1] She does not contend that the Court misapprehended her position on the facts or the law. Rather, she simply disagrees with the Court's evaluation of her evidence. This is not an appropriate subject for reconsideration under Fed. R. Civ. P. 59(e). *Van Skiver*, 952 F.2d at 1243.

---

[1] Indeed, all of the cases cited by the Plaintiff in both her summary judgment response and motion for reconsideration are from federal District Courts outside Colorado; she cites no binding authority from the 10th Circuit or United States Supreme Court on any substantive issue.

Accordingly, the Plaintiff's Motion for Reconsideration **(# 50)** is **DENIED**.

Dated this 7th day of February, 2007

                                **BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge