IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-02650-MSK-CBS

MARY V. CEBALLES,

    Plaintiff,

v.

WESTERN FORGE CORPORATION,

    Defendant.

_____

**OPINION AND ORDER GRANTING, IN PART, MOTION FOR ATTORNEY'S FEES**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion for Attorney's Fees **(# 55)**, the Plaintiff's response **(# 62)**, and the Defendant's reply **(# 65)**.

The Plaintiff commenced this action alleging employment discrimination on the basis of age and national origin, a claim of hostile environment harassment on the same grounds, and a claim of retaliation. By Order dated August 17, 2006 **(# 47)**, this Court granted summary judgment to the Defendant on all claims. Familiarity with the contents of that Order is assumed. On August 28, 2006, the Plaintiff moved for reconsideration **(# 50)** of that decision, but on February 2, 2007, this Court denied **(# 54)** that motion, finding that it raised no new evidence or argument that had not previously been considered by the Court.

On February 21, 2007, the Defendant filed the instant motion, arguing that the Plaintiff's suit was "frivolous, unreasonable, or groundless," and that it should be awarded its reasonable

1

fees of approximately $115,758.  In the alternative, the Defendant argued that the Court should at least deem the Plaintiff's motion for reconsideration to have been frivolous, and award the Defendant $1,130 in fees for having to oppose that motion.

The Plaintiff responds **(# 62)** that she had a reasonable basis for her claims even though she did not prevail, that she filed and pursued the action in good faith, and presented evidence of "ill treatment and evidence that related to (sic) directly to her age," and "evidence that Hispanic employees were segregated from non-Hispanic employees in one work line and that Mr. Harris, the supervisor, made comments about not liking Mexicans and that he would get rid of any Hispanic that complained."

Title VII permits the Court to award attorney fees to a prevailing defendant in appropriate circumstances.  *See* 42 U.S.C. § 2000e-5(k) ("the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs").  In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978), the Supreme Court held that fee awards to prevailing Title VII defendants were appropriate where the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or where the plaintiff "continued to litigate after it clearly became so." *Id.* at 422.  The Court cautioned that, simply because a plaintiff did not prevail, the action was not necessarily groundless from its inception, as "the course of litigation is rarely predictable," and that "[d]ecisive facts may not emerge until discovery or trial." *Id*.  The record must be "devoid of any evidence of discrimination"; where there is evidence, albeit insufficient, of disparate treatment, an award of fees to the defendant is inappropriate. *Montgomery v. Yellow Freight System, Inc.*, 671 F.2d 412, 414 (10th Cir. 1982). In determining whether a case under Title VII was groundless, several courts have suggested the

consideration of three factors: (i) whether the plaintiff was able to establish a *prima facie* case; (ii) whether the defendant offered to settle at any point; and (iii) whether the Court dismissed the case prior to trial. *See e.g. Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000); *Walker v. NationsBank*, 53 F.3d 1548, 1558 (11th Cir.1995). The burden of showing that the case was groundless rests on the defendant seeking fees. *See e.g. Butler v. Rapides Foundation*, 365 F.Supp.2d 787, 792 (W.D. La. 2005).

The Age Discrimination In Employment Act does not appear to contemplate an award of attorney fees to a prevailing defendant. *See* 29 U.S.C. § 629(b) (borrowing the remedial provisions of the Fair Labor Standards Act), 29 U.S.C. § 216(b) (directing the Court to award attorney fees "in addition to any judgment awarded to the plaintiff," but making no express provision for attorney's fee awards to prevailing defendants). However, at least one judge in this District has found that "such fees may be awarded upon a showing that plaintiff litigated the action in bad faith, vexatiously, wantonly, or for oppressive reasons," a standard "more stringent than that which applies in Title VII cases." *Hughes v. Regents of the University of Colorado*, 967 F.Supp. 431, 441 (D. Colo. 1996) (Nottingham, J.).

Here, the Court can quickly dispose of any claim for attorney's fees predicated on the Age Discrimination In Employment Act. Assuming, without necessarily deciding, that *Hughes* represents a correct assessment of that Act, the Court finds nothing in the record to suggest that the Plaintiff litigated this action in bad faith or did so to purposefully vex and oppress the Defendant.

Viewed through the three factors of *Meyers* and *Walker*, there is some indication that, at least by the time of the summary judgment motion, the Plaintiff's claims here were groundless. As

to the first factor, the ability of the Plaintiff to establish a *prima facie* case, the Court found that the Plaintiff could not establish a *prima facie* case of disparate treatment discrimination because she could not articulate a materially adverse employment action she suffered, and found that she had articulated no evidence of an actionably hostile work environment. As to the third factor, the Court granted summary judgment to the Defendant, and disposed of the case without a trial. Both of these factors tip in favor of a finding that the Plaintiff's action was groundless. Neither party addresses whether the Defendant made any significant settlement offer, and because the Defendant bears the burden of proof on the issue of groundlessness, the Court will construe that the absence of proof on this point to favor the Plaintiff. Thus, the Court finds that the *Meyers* and *Walker* factors, on the whole, tip somewhat, but not entirely, in favor of a finding that the action was groundless.

Although they are helpful, the result-specific *Myers* and *Walker* factors do not reflect the entirety of the groundlessness inquiry. (Indeed, if they did, a substantial number of cases disposed of by summary judgment would result in fee awards to the prevailing defendant.) Equally important, if not moreso, is the Court's own considered review of the particular factual record and procedural history of the case. As the Supreme Court cautioned in *Christiansburg*, what might have started out as a seemingly meritorious case can be easily derailed by problems arising during discovery, and fees should only be awarded for time spent <u>after</u> an initially-viable case subsequently became groundless. Once again, the burden is on the Defendant to show the point at which groundlessness occurred.

It is easiest to make this determination in reverse chronological order. At the time the Court granted summary judgment, it is fair to say not only that the Plaintiff's claims were

substantively inadequate, but were indeed utterly groundless. The Plaintiff failed to come

forward[1] with evidence of even a colorable claim that she had suffered a legally recognizable

adverse employment action or actionable hostile working environment. Although the Plaintiff

---

[1] Although not specifically addressed by the parties, the Court is troubled by the issues presented here in several respects. The Defendant's claim for fees is directed at the Plaintiff herself, not her counsel; where fees are sought against opposing counsel, an entirely different analysis applies. *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). However, the typical litigant lacks the knowledge and training to assess the substantive merit of her potential claim, and must rely upon the expertise of her counsel to determine whether a viable claim can be asserted based on the litigant's version of the facts. Moreover, the litigant must rely upon her counsel to competently develop and marshal the facts in order to fend off summary judgment. Where counsel either fails to conduct adequate discovery or fails to coherently marshal the evidence in response to a summary judgment motion, the case may appear to be groundless when, in the hands of more competent counsel, a viable claim might have been presented. In such circumstances, it seems inequitable to saddle the plaintiff herself with an onerous fee award when, in all fairness, the fault lies with counsel.

This perceived unfairness is balanced against the inequity that befalls the defendant, who is forced to incur the expense to defend against a frivolous claim, regardless of whether that claim is propelled forward by the client, the attorney, or both. Moreover, the law of agency contemplates that the litigant is culpable for the actions of her counsel, and permits many harms to be visited upon a faultless party because of the misdeeds or incompetence of her counsel. *See e.g. Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001) ("While forcing parties to answer for their attorney's behavior may seem harsh . . . litigants who are truly misled and victimized by their attorneys have recourse in malpractice actions"). In addition to a malpractice claim, an aggrieved party also has recourse to the state bar's attorney grievance committee.

Here, it is difficult to assess whether the fault in this case lies with the Plaintiff or her counsel. As is evident from the Court's summary judgment opinion, the Plaintiff's counsel failed to set forth anything more than conclusory assertions as to what the facts would show. Because the Plaintiff offered no supporting evidence beyond her own affidavit, it is impossible for the Court to determine whether her counsel's conclusory submission was an inept attempt to present meritorious facts that actually existed within the record, a conscious effort to smooth over holes in a deficient record, or the inevitable consequence of the combination of a weak record and undisciplined analysis. The former and latter cases would present a compelling justification for sanctions against counsel, but not the Plaintiff herself. The middle case might be attributable to the overzealous pursuit of the case by counsel, client, or both, depending on circumstances that will likely never be known by anyone other than the Plaintiff and her counsel. Without a clear record, the Court declines to speculate as to the source(s) of fault in the instant case, and although it is reluctant to award fees against the Plaintiff herself in this instance, it takes solace that any inequity in this result is justified by the countervailing considerations discussed above.

asserts that she believed she presented "evidence of ill treatment," none of this evidence was of the kind that the law deems actionable, a distinction that any reasonable employment attorney should have been cognizant of. The Court is particularly persuaded on this point by the Plaintiff's summary judgment response, which relied upon clearly distinguishable caselaw, misstated case holdings, and made assertions of dubious legal propositions without any supporting authority. Had the Plaintiff realistically assessed her claims in light of the correct applicable law, it would have been clear that those claims were without any meaningful factual foundation.

If the claims were groundless at the time the Court ruled on the motion for summary judgment, they must also have been groundless before briefing on that motion began. The Scheduling Order **(# 12)** in this case required discovery to be completed by December 31, 2005, a full month before the dispositive motion deadline and the date upon which the Defendant filed its summary judgment motion. With discovery completed by December 31, 2005, all of the facts upon which the Plaintiff intended to rely were known to her, and the lack of any factual support for her claims would have been clear as of this time. By continuing to litigate a clearly groundless case at that point, the Plaintiff put the Defendant through the expense of drafting an unnecessary summary judgment motion, and the fees for drafting that motion are properly chargeable to the Plaintiff.

The viability of the case earlier than the discovery cutoff becomes less clear. The Defendant does not supply the Court with a timeline of the discovery process, nor does the docket reveal anything but inconsequential adjustments of portions of the discovery schedule owing to the press of other business. *Docket* # 21, 24. Any attempt to discern the point during discovery when the defects in the Plaintiff's claims became apparent would be an exercise in sheer

speculation. The Defendant might – but does not – argue that the case was groundless from its very inception, but the record does not permit the Court to make such a determination, and *Christiansburg* warns against doing so. Because the burden is on the Defendant to show an entitlement to fees, the Court finds that the failure to show that the case was clearly groundless prior to the close of discovery warrants awarding fees only from December 31, 2005 onward.[2]

The well-accepted formula for determining a reasonable attorney's fee first requires the movant – the Defendant – to establish a "lodestar" amount, by proving the appropriate amount of hours spent and a reasonable. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar is a presumptively reasonable fee award, taking into account most of the factors that bear on the reasonableness of the award, and thus, adjustments to the lodestar should only be made in rare and exceptional cases. *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564-65 (1986).

Reviewing the Defendant's billing records, if the Court were to merely collect all fees expended by the Defendants after December 31, 2005, the total fees claimed by the Defendant would be $ 30,761.75, for a total of approximately 110 attorney and paralegal hours. However,

---

[2]Although it is encompassed by this ruling, the Court also finds that the Plaintiff's Motion for Reconsideration was groundless as well. That motion was, in all material respects, merely a repetition of the Plaintiff's summary judgment response. Notably, the motion for reconsideration cited the very same cases for the same propositions as the Plaintiff's summary judgment response, and did little more than repeat portions of the factual recitation from the summary judgment response. Although the Plaintiff argues now that the motion for reconsideration was attempting to show "that the Court misapprehended her position on the facts and law," simply restating the same arguments in almost identical verbiage and with identical legal support is not the proper way to make such a showing. Nothing in the motion for reconsideration points out the ways in which the Plaintiff believes the Court misapprehended her arguments, nor explains how her actual arguments are distinct from the factual and legal findings in the Court's prior opinion. Accordingly, the Court specifically finds that the motion for reconsideration was also groundless, warranting the imposition of fees.

the Court also notes that the defense counsel's records reflect that the Defendant began preparing its summary judgment motion as early as September 2005.[3] If all entries between September 2005 and December 31, 2005 relating to preparation of the summary judgment motion were included, the Defendants would claim an additional 90.9 hours for Emily Pastorius at $ 220 per hour, and an additional 18 hours by Lawrence Marquess at $ 370 per hour, for a total of a grand total of $ 57, 419.75.

The Plaintiff's response to the motion for fees does not challenge the hourly rate claimed by the Defendant, nor assert that the number of hours claimed is unreasonable. Nevertheless, the Court, of its own accord, finds that sum to be clearly excessive. Without disparaging the fine quality of the Defendant's summary judgment motion, the Court finds that the Defendant's counsel devoted more than 158 hours of attorney time to preparation of a motion for which no evidentiary showing was even required.[4] The Court finds this to be unreasonable, and concludes that, in light of the nearly 50 hours spent by defense counsel on the summary judgment motion after December 31, 2005, it is reasonable to reduce the amounts spent on the summary judgment

---

[3] One could argue that preparation before discovery had closed, while laudable use of time, was not necessarily expended on claims that were groundless as of that time. Arguably, such work was performed at a time when the Plaintiff might have had viable claims, and that it was developments during discovery in, say, November 2005 that finally rendered the Plaintiff's claims groundless. Nevertheless, the Plaintiff does not raise such an argument, and the Court finds in any event that, regardless of when it was prepared, the Plaintiff's pursuit of a groundless claim compelled the Defendant to draft and file a summary judgment motion, and thus, all reasonable amounts of time spent preparing that motion are compensable, regardless of when they occurred.

[4] As the party without the burden of proof at trial, the Defendant's summary judgment motion need merely have identified the elements of the Plaintiff's claims that the Defendant contended the Plaintiff could not establish. Obviously, a more detailed evidentiary reply might be necessary once the Plaintiff comes forward with her evidence on each challenged element, and the vast amount of time spent by the Defendant in drafting a detailed summary judgment motion allowed it to devote an entirely reasonable 17 hours of time to drafting the reply.

motion prior to that date by 75%. Thus, for their work on the summary judgment motion from September 2005 to December 31, 2005, the Court finds that the Defendants are entitled to $6,665 in fees.

The Court also finds billing entries beyond December 31, 2005 that are unreasonable. The Defendants moved **(# 37)** to strike the Plaintiff's response to the summary judgment motion on the grounds of untimeliness. Although that motion may have been technically justified, given the finding that the Plaintiff's case was groundless by this point, the Defendant's motion to strike was unnecessary. The Court excludes approximately $ 1,305 relating to the consideration and preparation of that motion. The Court also excludes all time spent by counsel relating to the preparation and filing of a Bill of Costs. The Defendant's entitlement to costs is a function of prevailing on the merits of the case, not a function of the Court having found the case to be groundless. In other words, the Defendant would have received the same result and expended the same fees whether the Plaintiff's claims were groundless or whether they were hotly-contested-yet-unsuccessful. The Court finds that $ 1,976 in fees are attributable to the Defendant's Bill of Costs and are excluded.

Thus, the Court finds that the lodestar amount is $ 34,145.75. Neither party has argued that the lodestar amount should be adjusted for any reason, but the Court finds that a small adjustment is necessary to reflect the time spent defending the Plaintiff's age discrimination and harassment claims. As stated above, the Court finds that the Defendants are not entitled to an award of fees under the Age Discrimination In Employment Act, and thus, the award of fees under Title VII must be adjusted to reflect only the time spent on issues arising under that statute. Because the claims turned on largely the same factual issues, the Court finds that a minimal

reduction of 10% of the lodestar is appropriate to eliminate any fees devoted solely to age-based claims. Thus, the Court awards fees to the Defendant in the amount of $ 30,731.17. The Court finds this to be a reasonable attorney's fee for the work required by the Plaintiff's pursuit of a groundless claim after December 31, 2005.

For the foregoing reasons, the Defendant's Motion for Attorney's Fees **(# 55)** is **GRANTED IN PART**, insofar as the Court finds that the Defendant is entitled to an award of fees under 42 U.S.C. § 2000e-5(k) in the amount of $ 30,731.17, and **DENIED IN PART** in all other respects. The Judgment **(# 48)** is **DEEMED AMENDED** to enter judgment in favor of the Defendant and against the Plaintiff in the amount of $ 30.731.17, plus interest as provided for by 28 U.S.C. § 1961.

Dated this 9th day of August, 2007

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge